AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

| | |
|---|---|
| United States of America<br>v.<br><br>RYAN THOMAS<br><br>*Defendant(s)* | Case No.<br>1:18-mj-258 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __February 5, 2018__ in the county of __Marion__ in the __Southern__ District of __Indiana__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in possession of a firearm |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
Complainant's signature

William Birkofer, Special Agent, HSI
Printed name and title

Sworn to before me and signed in my presence.

Date: 03/19/2018

_____
Judge's signature

City and state: Indianapolis, IN

Debra McVicker Lynch, U.S. Magistrate Judge
Printed name and title

# **AFFIDAVIT**

1. Your Affiant, Special Agent William Birkofer, is employed by the Department of Homeland Security (DHS), Homeland Security Investigations (HSI) and has been so employed for approximately eight (8) years. Prior to that, I was employed as a U.S. Postal Inspector for the U.S. Postal Inspection Service for approximately eight (8) years and as a Special Agent for the U. S. Customs Service Office of Investigations for approximately thirteen (13) years. I have attended numerous classes at the Federal Law Enforcement Training Center, to include the Criminal Investigator School, the U.S. Customs Service Basic Enforcement School, U.S. Postal Inspection Service Basic Academy and DHS ICE Special Agent Training School.

2. Your Affiant is a sworn Federal agent empowered under the laws of the United States to investigate violations of federal firearm laws pertaining to the Gun Control Act of 1968, the Controlled Substances Act of 1970 and have focused attention on the detection and apprehension of individuals violating both federal and state laws, including 18 United States Code Section 922 and 21 United States Code 841.

3. Your Affiant regularly conducts joint firearm/controlled substance related investigations with Special Agents of the Bureau of Alcohol, Tobacco and Firearms (ATF), the Drug Enforcement Administration (DEA) and various state and local law enforcement investigators and has experience conducting

interviews, making arrest, executing search warrants which have resulted in the seizure of firearms/controlled substances.

4. Your Affiant is conducting an investigation regarding Ryan Lavorise THOMAS (B/M, DOB XX/XX/1974) ("THOMAS"). There is probable cause to believe THOMAS has violated Title 18, United State Code, Section 922 (g)(1)(felon in possession of a firearm). This Affidavit is submitted in support of a criminal complaint and arrest warrant for Ryan Lavorise THOMAS.

5. Probable cause is based on information set forth in the following paragraphs, which is either known personally to me or has been related to me by law enforcement officers or other court documents. Since this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included each and every fact known to me concerning this investigation.

6. On February 5, 2018, an investigation was conducted by the Homeland Security Investigations (HSI) Hotel/Motel Interdiction Task Force regarding a complaint of narcotics activity at the Wood Springs Suites, Room 106 located at 9515 Pendleton Pike, Lawrence, Indiana.

7. Task Force Officers (TFOs) were able to determine through investigation that the room was registered to Trenia J. Woods.

8. TFOs and officers with the Indiana State Police approached Room 106, and TFO

Matt Wilson knocked on the door. TFOs and officers were greeted by a female subject who opened the door. Sitting on the hotel room bed was a female later identified as Trenia Woods. Ms. Woods consented to the entry of the TFOs and officers.

9. TFOs and officers immediately observed in plain view sitting on the kitchen table a plastic bag containing a green plant material known to them through their training and experience as marijuana. They also observed several hand rolled cigarettes, containing plant material, also on the table.

10. Ms. Woods stated the room was rented in her name, and was also being occupied by her boyfriend, Ryan THOMAS. TFO Wilson then read Ms. Woods her *Miranda* rights. Ms. Woods stated she understood. TFO Wilson also presented an Indiana State Police consent to search form. Ms. Woods read the form, stated she understood, and signed the form signifying her consent for officers to search the room for narcotics. Ms. Woods was asked if there were any weapons in the room. Ms. Woods hesitated and stated no.

11. TFOs and officers then searched the room. TFO Wilson located two digital scales in the closet area of the hotel room. TFO David Salley found in a drawer a black Kel Tec .380 caliber handgun (serial number H8S92), that contained nine .380 caliber bullets.

12. TFO Wilson asked Ms. Woods who the gun belonged to. Ms. Woods stated that it had to be her boyfriend, THOMAS. Ms. Woods stated the marijuana also belonged to THOMAS. Ms. Woods stated that THOMAS had slept all day and had left for the evening on foot.

13. At approximately 10:45 PM, THOMAS returned to the room. TFO Wilson confirmed THOMAS's identity from a Kentucky identification card. Det. Raney then conducted a pat down for officer safety. While conducting the pat down, THOMAS stated he had some methamphetamine in this pocket in a cigarette container. Det. Raney then removed out of Mr. Thomas' left jacket pocket a cigarette container containing a plastic bag that contained a crystal rock substance consistent in appearance to methamphetamine. TFO Wilson then *Mirandized* THOMAS. THOMAS stated he understood his rights, and wished to speak with TFO Wilson. THOMAS stated that everything was his. THOMAS also stated that he was a junkie, liked to get high on marijuana, and used methamphetamine to speed himself back-up. THOMAS stated the marijuana on the table was his, along with scales. THOMAS also said that handgun was his, and that he brought it to the room after he had found it outside when he moved to the hotel in August.

14. TFO Freeman then conducted a criminal history check on THOMAS and determined that he was a convicted felon. According to records from the Clerk of Courts in Erie County Pennsylvania, on May 4, 1995, Mr. Thomas received a felony conviction for possession of cocaine base and received a sentence of

between eighteen (18) months and four (4) <u>years</u> incarceration.

15. TFO Freeman arrested THOMAS for possession of a firearm by a convicted felon, possession of methamphetamine, and possession of marijuana.

16. TFO Freeman then conducted a brief audio taped interview of THOMAS. In the interview, THOMAS verified he had been *Mirandized* and understood his rights. THOMAS stated that he had been staying in Room 106 since August. THOMAS stated that he understood he was a convicted felon, and should not be in possession of a handgun. He reiterated the same information that he had provided earlier, including that the handgun and the drugs were his.

17. The suspected controlled substances found in the room field tested positive for methamphetamine and marijuana.

18. ATF Special Agent Eric Jensen confirmed that the Kel Tec .380 caliber handgun (serial number H8S92), was not manufactured in the State of Indiana.

William Birkofer, Special Agent
Department of Homeland Security

Sworn and subscribed to before me this /9 day of March, 2018.

Debra McVicker Lynch, Magistrate Judge
United States District Court
Southern District of Indiana